## GEORGE S. GRIMES v. MINNEAPOLIS GASLIGHT COMPANY.[1]

### June 30, 1916.

### Nos. 19,816—(199).

**Escape of gas — verdict sustained by evidence.**

> The evidence in an action to recover damages done to the plaintiff's premises by gas escaping from a service pipe maintained thereon by the defendant, justified a finding that the defendant was not negligent.

Action in the district court for Hennepin county to recover $1,000 for injury to defendant's trees, grass and other plants caused by the escape of gas. The case was tried before Leary, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Gordon Grimes,* for appellant.

*Cobb, Wheelwright & Dille* and *H. C. Mackall,* for respondent.

DIBELL, C.

The defendant connected the plaintiff's residence with a service pipe through which it furnished him gas. A leak occurred in the pipe passing through the lawn of the plaintiff and the escaping gas injured his trees, shrubbery and vegetation. He brought this action to recover damages, alleging negligence. The jury found for the defendant and the plaintiff appeals.

The question is whether under the evidence the jury could reasonably find that the defendant was not negligent. The plaintiff offered no direct proof of negligence but relied, as properly he might, upon the application of the *res ipsa loquitur* maxim. Manning v. St. Paul Gaslight Co. 129 Minn. 55, 151 N. W. 423, L.R.A. 1915E, 1022; Gould v. Winona

[1] Reported in 158 N. W. 623.

Note.—As to the liability of gas company for negligence in escape or explosion of gas, see notes in 29 L.R.A. 337; 32 L.R.A.(N.S.) 809; L.R.A. 1915E, 1022.

Gas Co. 100 Minn. 258, 111 N. W. 254, 10 L.R.A.(N.S.) 889. The defendant offered testimony tending to show that the break in the pipe was on the top where it entered a coupling, and that it was the result of a strain from the settling of the ground on one side or the other of the coupling and, inferentially at least, that the joint was not defectively constructed. The evidence was such as to justify a verdict either for the plaintiff or for the defendant and we cannot disturb the finding of the jury. This finding determines the appeal and other questions need not be discussed.

Order affirmed.